UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------
CIV CASE NO.: 05 0325

JUNIUS SILVA,

             Plaintiff,

   -against-

COUNTY OF SUFFOLK, SUFFOLK COUNTY
POLICE DEPARTMENT, and POLICE
OFFICER "JOHN DOE",

             Defendants.
-------------------------------------

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ JAN 2 0 2005 ★
LONG ISLAND OFFICE

VERIFIED COMPLAINT

EDWARD R. KORMAN

LINDSAY, M.



Plaintiff, by his attorneys, MANDLER & SIEGER, LLP, as and for his Verified Complaint, respectfully alleges, upon information and belief:

## JURISDICTIONAL BASIS

1. Jurisdiction is predicated on the alleged violations of the Plaintiff's civil rights secured under the United States Constitution and 42 U.S.C.A. Section 1983.

2. The plaintiff, JUNIUS SILVA, at all times herein mentioned was and still is a resident of the County of Suffolk and the State of New York.

3. At all times herein mentioned, defendant SUFFOLK COUNTY POLICE DEPARTMENT, was and still is a municipal corporation, created, organized and existing under and by virtue of the laws of the State of New York.

4. At all times herein mentioned, defendant COUNTY OF SUFFOLK, was and still is a municipal corporation organized and existing under the laws of the State of New York.

5. At all times herein mentioned, defendant POLICE OFFICER "JOHN DOE" (Plaintiff verily believes that he was wearing badge

number 5459) was a police officer employed by the defendants, SUFFOLK COUNTY POLICE DEPARTMENT and COUNTY OF SUFFOLK.

### REQUISITE NOTICE

6. Prior to the commencement of this action, a notice of claim in writing was served on behalf of JUNIUS SILVA, upon SUFFOLK COUNTY POLICE DEPARTMENT and COUNTY OF SUFFOLK in accordance with Section 50-e of the General Municipal Law.

7. Within ninety days (90) of the occurrence herein, a notice of claim in writing was served on behalf of JUNIUS SILVA, upon SUFFOLK COUNTY POLICE DEPARTMENT and COUNTY OF SUFFOLK in accordance with Section 50-e of the General Municipal Law.

8. Within ninety days (90) of October 22, 2003, a notice of claim in writing was served on behalf of JUNIUS SILVA, upon SUFFOLK COUNTY POLICE DEPARTMENT and COUNTY OF SUFFOLK in accordance with Section 50-e of the General Municipal Law.

9. Prior to the commencement of this action, notice of the intention of JUNIUS SILVA to commence an action, unless the claim presented was adjusted within the prescribed time as set forth by applicable law to adjust such claims, was served on behalf of JUNIUS SILVA upon SUFFOLK COUNTY POLICE DEPARTMENT and COUNTY OF SUFFOLK.

10. Although more than thirty (30) days have elapsed since service of such notice of claim, SUFFOLK COUNTY POLICE DEPARTMENT and COUNTY OF SUFFOLK neglected and have refused to pay said claim or adjust same.

11. A hearing pursuant to General Municipal Law 50-h has been held.

## FACTUAL BASIS

12. This action is commenced within one (1) year and ninety (90) days from October 22, 2003, the date the accident as herein set forth occurred.

13. At all times herein mentioned, defendant COUNTY OF SUFFOLK, maintained, and was responsible for overseeing, supervising and regulating all conduct engaged in and undertaken by the Defendant, SUFFOLK COUNTY POLICE DEPARTMENT.

14. At all times herein mentioned, defendant COUNTY OF SUFFOLK, maintained and was responsible for overseeing, supervising and regulating all conduct engaged in by the police personnel of defendant, SUFFOLK COUNTY POLICE DEPARTMENT, while such personnel were engaged in police business, including that of defendant POLICE OFFICER "JOHN DOE".

15. Plaintiff, on October 22, 2003, having temporarily evaded police after leading them on a chase with his motorcycle, peacefully and quietly surrendered to a police office. was handcuffed with his hands behind his back by dais officer and was being led to a squad car near a dead end street off of Route 27, east of Bayview Avenue, located in or around the Town of Babylon.

16. Plaintiff, on October 22, 2003, while awaiting in handcuffs by the arresting officers squad car (said officer was retrieving the Plaintiff's undamaged motorcycle), was approached by defendant, POLICE OFFICER "JOHN DOE", who was one of many Suffolk

County Police Officers who were arriving at this scene at that time.

17. Defendant, POLICE OFFICER "JOHN DOE", was extremely agitated, asked the Plaintiff if he thought what he did was funny, grabbed the Plaintiff's handcuff and began severely twisting them.

18. Plaintiff complained to the Defendant, POLICE OFFICER "JOHN DOE" that this twisting of the handcuffs was hurting him because he was recovering from a broken arm.

19. Defendant, POLICE OFFICER "JOHN DOE" then took the Plaintiff and violently threw him face first onto the asphalt/concrete pavement causing abrasions, lacerations and contusions around the Plaintiff's left eye and his left knee.

20. As Plaintiff was lying on the ground, another Suffolk County Police Officer asked the Defendant, POLICE OFFICER "JOHN DOE", what was happening, to which said Defendant replied falsely that the Plaintiff had attempted to kick said Defendant.

21. Plaintiff had voluntarily surrender to the arresting officer, did not struggle when he was being hand-cuffed, was patted down without resistance, had been just waiting patiently near the arresting officer's squad car when the Defendant, POLICE OFFICER "JOHN DOE" intervened.

22. Plaintiff did not kick, or attempt to kick the Defendant, POLICE OFFICER "JOHN DOE", nor in any way did anything that would provoke said Defendant or justify being violently thrown to the ground by said Defendant.

23. The Plaintiff's lacerations/abrasions immediately began to bleed profusely, but the Plaintiff was not taken to the emergency room for one whole hour because the Plaintiff was first transported

to the precinct and processed before being transported by other officers of the SUFFOLK COUNTY POLICE DEPARTMENT, to the emergency room.

24. Plaintiff received numerous stitches to close said lacerations/abrasions, and has been permanently scarred, both physically and emotionally because of these injuries.

### AS AND FOR A FIRST CAUSE OF ACTION

25. Plaintiff repeats and realleges each and every paragraph set forth above as is fully set forth herein.

26. The acts of the Defendant, POLICE OFFICER "JOHN DOE", described above constituted an assault upon the Plaintiff in that said Defendant intentionally attempted to injure the Plaintiff or commit a battery upon him, and further that said Defendant's acts represented a grievous affront to the Plaintiff.

27. The acts of the Defendant, POLICE OFFICER "JOHN DOE", constituted a battery upon the Plaintiff in that the bodily contact described above was intentional and grossly offensive in nature.

28. The actions of the Defendant, POLICE OFFICER "JOHN DOE", were intentional, reckless and unwarranted, and without any just cause or provocation, and said Defendant knew, or should have known that his actions were without the consent of the Plaintiff, and, in fact, that the Plaintiff expressly stated to said Defendant that these actions were being done against his wishes.

29. By reason of the foregoing, the Plaintiff became, and remains, sick, sore, lame and disabled; suffered, and still suffers great physical and mental pain; sustained severe emotional

injuries resulting from the assault and battery that was inflicted upon the Plaintiff by the Defendant, POLICE OFFICER "JOHN DOE"; has suffered, and will continue to suffer a loss of enjoyment of life; upon information and belief, may be caused to expend substantial sums of money for medical aid; lost time from work; and believes that his emotional injuries are permanent in nature.

30. The injuries sustained by the Plaintiff were caused wholly and solely by reason of the conduct described, and the Plaintiff did not contribute thereto.

31. As a result of the assault and battery that was committed upon the Plaintiff by the Defendant, POLICE OFFICER "JOHN DOE", the Plaintiff has been damaged in the sum of FIVE MILLION DOLLARS ($5,000,000.00).

### AS AND FOR A SECOND CAUSE OF ACTION

32. Plaintiff repeats and realleges each and every paragraph set forth above as is fully set forth herein.

33. The actions of the Defendant, POLICE OFFICER "JOHN DOE", represents extreme and outrageous conduct which intentionally or recklessly caused severe emotional distress to the Plaintiff. Further, the conduct described was so outrageous and atrocious as to be utterly intolerable in a civilized community.

34. As a result of the Defendant, POLICE OFFICER "JOHN DOE'S" intentional infliction of emotional distress upon the Plaintiff, the Plaintiff has sustained severe emotional distress, pain and

6

suffering and loss of enjoyment of life, and has been damaged in the sum of FIVE MILLION DOLLARS ($5,000,000.00).

### AS AND FOR A THIRD CAUSE OF ACTION

35. Plaintiff repeats and realleges each and every paragraph set forth above as is fully set forth herein.

36. The described actions of the Defendant, POLICE OFFICER "JOHN DOE", resulted in the negligent infliction of emotional distress upon the Plaintiff.

37. In assaulting and battering the Plaintiff, the Defendant, POLICE OFFICER "JOHN DOE", resulted in a traumatic event which caused the Plaintiff to fear for his own life.

38. As a police officer charged with the duty of protecting the public, the Defendant, POLICE OFFICER "JOHN DOE", owed a duty to the Plaintiff, even as a suspect that had peacefully surrendered, and was quietly complying with the instructions of the arresting officer, to act in accordance with this duty, and to keep a member of the public, such as the Plaintiff, free from assault and battery and otherwise grossly offensive touching.

39. The Defendant, POLICE OFFICER "JOHN DOE", breached the aforementioned duty by causing the Plaintiff to believe that his physical safety was in danger and caused the Plaintiff to fear for his own safety.

40. As a result of the Defendant, POLICE OFFICER "JOHN DOE'S" negligent infliction of emotional distress upon the Plaintiff, the Plaintiff has been injured in the sum of FIVE MILLION DOLLARS ($5,000,000.00).

## AS AND FOR A FOURTH CAUSE OF ACTION

41. Plaintiff repeats and realleges each and every paragraph set forth above as is fully set forth herein.

42. In engaging in the conduct described, by assaulting and battering the Plaintiff, the Defendant, POLICE OFFICER "JOHN DOE", deprived the Plaintiff of his civil rights pursuant to 42 U.S.C.A. Section 1983. Further, said Defendant, as a police officer employed by the Defendants SUFFOLK COUNTY POLICE DEPARTMENT and/or the COUNTY OF SUFFOLK, was acting under the color of State law.

43. That the aforementioned misuse of authority and power by the Defendant, POLICE OFFICER "JOHN DOE", was egregious and shocking to the conscience. As a direct result, the Plaintiff was caused to undergo unspeakable humiliation and indignities due to the unlawful contact that was inflicted against his will; and, the Plaintiff was caused, and will continue to undergo and endure severe mental anguish, humiliation and economic hardship as a consequence thereof.

44. Such deprivations were in violation of the rights secure to the Plaintiff by the Fourth and Fourteenth Amendments of the United States Constitution and by Title 42 U.S.C.A. section 1983.

45. As a result of the Defendant, POLICE OFFICER "JOHN DOE'S" deprivation of the Plaintiff's civil rights, the Plaintiff has been injured in the sum of FIVE MILLION DOLLARS ($5,000,000.00).

## AS AND FOR A FIFTH CAUSE OF ACTION

46. Plaintiff repeats and realleges each and every paragraph set forth above as is fully set forth herein.

47. Upon information and belief, the Defendants, SUFFOLK COUNTY POLICE DEPARTMENT and COUNTY OF SUFFOLK, through its officers, employees or agents, was on notice of the Defendant, POLICE OFFICER "JOHN DOE'S" propensity toward improper conduct and to misuse and abuse his power and authority as a Suffolk County police officer through other, similar incidents involving said Defendant of which the Plaintiff is currently unaware.

48. Upon information and belief, the Defendants, SUFFOLK COUNTY POLICE DEPARTMENT and COUNTY OF SUFFOLK, intentionally knowingly and/or with reckless indifference did disregard and/or failed to investigate the prior incidents involving the Defendant, POLICE OFFICER "JOHN DOE", or, in the alternative, did investigate such incidents but failed to take such action as was necessary, and therefore acted recklessly and with gross indifference and callous disregard in failing to remedy Defendant, POLICE OFFICER "JOHN DOE'S" situation and/or conduct.

49. As a result of the reckless indifference and gross negligence of the Defendants, SUFFOLK COUNTY POLICE DEPARTMENT and COUNTY OF SUFFOLK, in disregarding and/or failing to properly investigate the prior incidents involving the Defendant, POLICE OFFICER "JOHN DOE", said Defendant was allowed to assault, batter and deprive the Plaintiff of his civil rights.

50. Upon Information and belief, the Defendants, SUFFOLK COUNTY POLICE DEPARTMENT and COUNTY OF SUFFOLK, intentionally, knowingly or with deliberate indifference failed to properly train or supervise their police officers, thereby allowing the Defendant,

POLICE OFFICER "JOHN DOE", to engage in the improper conduct complained of.

51. As a result of the reckless indifference, callous disregard and/or failure to investigate of the Defendants, SUFFOLK COUNTY POLICE DEPARTMENT and COUNTY OF SUFFOLK, as described above, the Plaintiff has been damaged in the sum of FIVE MILLION DOLLARS ($5,000,000.00).

### AS AND FOR A SIXTH CAUSE OF ACTION

52. Plaintiff repeats and realleges each and every paragraph set forth above as is fully set forth herein.

53. In allowing the Defendant, POLICE OFFICER "JOHN DOE" to continue his employment as a Suffolk County Police Officer after having been placed on notice, either actual or constructive, of such prior similar incidents, the Defendants, SUFFOLK COUNTY POLICE DEPARTMENT and COUNTY OF SUFFOLK ratified said Defendant's misuse and abuse of his power and authority as a police officer employed by them.

54. As a proximate result of the acts and omissions of the Defendants, SUFFOLK COUNTY POLICE DEPARTMENT and COUNTY OF SUFFOLK, as set forth above, the Plaintiff has sustained severe emotional injuries, pain and suffering and loss of enjoyment of life, and has been damaged in the sum of FIVE MILLION DOLLARS ($5,000,000.00).

### AS AND FOR A SEVENTH CAUSE OF ACTION

55. Plaintiff repeats and realleges each and every paragraph set forth above as is fully set forth herein.

56. Upon information and belief, the Defendants, SUFFOLK COUNTY POLICE DEPARTMENT and COUNTY OF SUFFOLK, knew or should have known that the aforesaid failure to properly train or supervise and/or the aforesaid failure to adopt and/or properly enforce prior policies, procedures or standards, and/or the failure to properly investigate and/or its reckless disregard or gross indifference would result in the deprivation of the rights secured to the Plaintiff by the Fourth and Fourteenth Amendments to the United States Constitution and by virtue of 42 U.S.C.A. Section 1983.

57. That as a result of the failure of the Defendants, SUFFOLK COUNTY POLICE DEPARTMENT and COUNTY OF SUFFOLK, to take remedial action concerning prior abuses of police authority by the Defendant, POLICE OFFICER "JOHN DOE",, and/or the failure of the Defendants, SUFFOLK COUNTY POLICE DEPARTMENT and COUNTY OF SUFFOLK, to properly investigate prior similar incidents, and/or the reckless disregard or gross indifference by the Defendants, SUFFOLK COUNTY POLICE DEPARTMENT and COUNTY OF SUFFOLK, said Defendants have exhibited a policy, practice or custom which encouraged or permitted its police officers to engage in such conduct. The Defendants, SUFFOLK COUNTY POLICE DEPARTMENT and COUNTY OF SUFFOLK, intentionally, knowingly, maliciously and/or recklessly permitted and/or allowed the continuation of such policy, practice or custom.

58. Upon information and belief, as a direct and proximate result of such policies, practices or customs, the Defendants, SUFFOLK COUNTY POLICE DEPARTMENT and COUNTY OF SUFFOLK,

intentionally, deliberately or with reckless indifference deprived the Plaintiff of his constitutional and civil rights.

59. The Plaintiff has suffered, presently suffers, and will suffer in the future severe and extreme emotional distress, loss of enjoyment of life, and damages associated with the deprivation of his constitutional and civil rights.

60. That the aforesaid reckless indifference, callous disregard and/or gross neglect by the Defendants, SUFFOLK COUNTY POLICE DEPARTMENT and COUNTY OF SUFFOLK, represents egregious conduct that is shocking to the conscience.

61. As a direct and proximate result of the reckless indifference, callous disregard and/or gross negligence of the Defendants, SUFFOLK COUNTY POLICE DEPARTMENT and COUNTY OF SUFFOLK, the Plaintiff was caused to undergo severe humiliation and gross indignities resulting from the assault, battery and otherwise grossly offensive touching complained of above, and was caused and will continue to undergo and endure severe mental anguish, humiliation, economic hardship and loss of enjoyment of life as a consequence thereof, and has been damaged in the sum of FIVE MILLION DOLLARS ($5,000,000.00).

**WHEREFORE**, the plaintiff demands:

1. That this Court grant final judgment against the Defendants, jointly and severally, in favor of the Plaintiff in the sum of FIVE MILLION DOLLARS ($5,000,000.00) for compensatory damages and the sum of FIVE MILLION DOLLARS ($5,000,000.00) for punitive damages;

2. That this Court grant final judgment in favor of the Plaintiff for all costs and disbursements of this action together with reasonable attorneys fees pursuant to 42 U.S.C.A. Section 1988.

Dated: Huntington Station, New York
      January 19, 2005

MANDLER & SIEGER, LLP
By: Peter M. Zirbes, Esq. (P-4413)
Attorneys for Plaintiff
1609 New York Avenue
Huntington Station, New York  11746
(631) 424-2525

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------  ~~INDEX NO.~~
                                                  ~~CALF NO.~~
JUNUIS SILVA,
                                                  CIV. CASE NO.:
                    Plaintiff,

        -against-
                                                  **INDIVIDUAL**
                                                  **VERIFICATION**

COUNTY OF SUFFOLK, ~~and~~ SUFFOLK COUNTY
POLICE DEPARTMENT, and POLICE OFFICER
"JOHN DOE"
                    Defendants.
------------------------------------------------

STATE OF NEW YORK   )
                    ) ss.:
COUNTY OF SUFFOLK   )

    JUNIUS SILVA, being duly sworn, deposes and says:

    That I am the plaintiff in the within action.

    I have read the foregoing Complaint and know the contents thereof and the same is true to the best of my knowledge, except as to those matters herein stated to be alleged upon information and belief and that as to those matters, I believe them to be true.

                                  x _____
                                         JUNIUS SILVA

Sworn to before me this
19th of ~~October~~ January, 2005

_____
NOTARY PUBLIC

PETER M. ZIRBES
NOTARY PUBLIC, State of New York
No. 02ZI6102974
Qualified in Suffolk County
Commission Expires Dec. 1, 2007