UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------X
JUNIUS SILVA,                                    Docket No.: CV-05-0325

              Plaintiff,

                                      AMENDED COMPLAINT

   -against-

COUNTY OF SUFFOLK, SUFFOLK
COUNTY POLICE DEPARTMENT,
and CHRISTOPHER VERWYS
(Suffolk County Police Officer whose
badge number is 5459),

              Defendants.
----------------------------------------------------X

       Plaintiff, by his attorneys, Law Offices of Peter M. Zirbes & Associates, P.C., as and for its Amended Complaint, respectfully alleges as follows:

## JURISDICTIONAL BASIS

1. Jurisdiction against the Defendant, CHRISTOPHER VERWYS is predicated upon both the pendant common/state law claims, and the alleged violations of the Plaintiff's civil rights, as secured under the United States Constitution and 42 U.S.C.A. Section 1983.

2. Jurisdiction against the Defendants, COUNTY OF SUFFOLK and SUFFOLK COUNTY POLICE DEPARTMENT is based upon respondeat superior for the pendant common/state law claims.

3. At all times herein mentioned, defendant COUNTY OF SUFFOLK, was and still is a municipal corporation organized and existing under the laws of the State of New York.

4. At all times herein mentioned, defendant SUFFOLK COUNTY POLICE DEPARTMENT, was and still is a municipal corporation organized and existing under the laws of the State of New York.

5. At all times herein mentioned, defendant POLICE OFFICER CHRISTOPHER VERWYS (wearing badge number 5459) was a police officer employed by the defendants, SUFFOLK COUNTY POLICE DEPARTMENT, and COUNTY OF SUFOLK.

### REQUISITE NOTICE

6. Prior to the commencement of this action, a notice of claim in writing was served on behalf of JUNIUS SILVA, upon SUFFOLK COUNTY POLICE DEPARTMENT and COUNTY OF SUFFOLK in accordance with Section 50-e of the General Municipal Law.

7. Within ninety days (90) of the occurrence herein, a notice of claim in writing was served on behalf of JUNIIUS SILVA, upon SUFFOLK COUNTY POLICE DEPARTMENT and COUNTY OF SUFFOLK in accordance with Section 50-e of the General Municipal Law.

8. Within ninety days (90) of October 22, 2003, a notice of claim in writing was served on behalf of JUNIUS SILVA, upon SUFFFOLK COUNTY POLICE DEPARTMENT and COUNTY OF SUFFOLK in accordance with Section 50-e of the General Municipal Law.

9. Prior to the commencement of this action, notice of the intention of JUNIUS SILVA to commence an action, unless the claim presented was adjusted within the prescribed time as set forth by applicable law to adjust such claims, was served on behalf of JUNIUS SILVA upon SUFFOLK COUNTY POLICE DEPARTMENT and COUNTY OF SUFFOLK.

10. Although more than thirty (30) days have elapsed since service o such notice of claim, SUFFOLK COUNTY POLICE DEPARTMENT and COUNTY OF SUFFOLK neglected and have refused to pay said claim or adjust same.

11. A hearing pursuant to General Municipal Law 50-h has been held.

## FACTUAL BASIS

12. This action is commenced within one (1) year and ninety (90) days from October 22, 2003, the date the accident as herein set forth occurred.

13. At all times herein mentioned, defendant COUNTY OF SUFFOLK, maintained, and was responsible for overseeing, supervising and regulating all conduct engaged in and undertaken by the Defendant, SUFFOLK COUNTY POLICE DEPARTMENT.

14. At all times herein mentioned, defendant COUNTY OF SUFFOLK, maintained and was responsible for overseeing, supervising and regulating all conduct engaged in by the police personnel of defendant, SUFFOLK COUNTY POLICE DEPARTMENT, while such personnel were engaged

in police business, including that of defendant POLICE OFFICER CHRISTOPHER VERWYS.

15. Plaintiff, on October 22, 2003, having temporarily evaded police after leading them on a chase with his motorcycle, peacefully and quietly surrendered to a police office. was hand-cuffed with his hands behind his back by dais officer and was being led to a squad car near a dead end street off of Route 27, east of Bayview Avenue, located in or around the Town of Babylon.

16. Plaintiff, on October 22, 2003, while awaiting in handcuffs by the arresting officers squad car (said officer was retrieving the Plaintiff's undamaged motorcycle), was approached by defendant, POLICE OFFICER CHRISTOPHER VERWYS, who was one of many Suffolk County Police officers who were arriving at this scene at that time.

17. Defendant, POLICE OFFICER CHRISTOPHER VERWYS, was extremely agitated, asked the Plaintiff if he thought what he did was funny, grabbed the Plaintiff's handcuff and began severely twisting them.

18. Plaintiff complained to the Defendant, POLICE OFFICER CHRISTOPHER VERWYS that this twisting of the handcuffs was hurting him because he was recovering from a broken arm.

19. Defendant, POLICE OFFICER CHRISTOPHER VERWYS then took the Plaintiff and violently threw him face first onto the asphalt/concrete pavement causing abrasions, lacerations and contusions around the Plaintiff's left eye and his let knee.

20. As Plaintiff was lying on the ground, another Suffolk County Police Officer asked the Defendant, POLICE OFFICER CHRISTOPHER VERWYS, what was happening, to which said Defendant replied falsely that the Plaintiff had attempted to kick said Defendant.

21. Plaintiff had voluntarily surrender to the arresting officer, did not struggle when he was being hand-cuffed, was patted down without resistance, had been just waiting patiently near the arresting officer's squad car when the Defendant, POLICE OFFICER CHRISTOPHER VERWYS intervened.

22. Plaintiff did not kick, or attempt to kick the Defendant, POLICE OFFICER CHRISTOPHER VERWYS, nor in any way did anything that would provoke said Defendant or justify being violently thrown to the ground by said Defendant.

23. The Plaintiff's lacerations/abrasions immediately began to bleed profusely, but the Plaintiff was not taken to the emergency room for one hour because the Plaintiff was first transported to the precinct and processed before being transported by other officers of the SUFFOLK COUNTY POLICE DEPARTMENT, to the emergency room.

24. Plaintiff received numerous stitches to close said lacerations/abrasions, and has been permanently scarred, both physically and emotionally because of these injuries.

## AS AND FOR A FIRST CAUSE OF ACTION

25. Plaintiff repeats and realleges each and every paragraph set forth above as is fully set forth herein.

26. The acts of the Defendant, POLICE OFFICER CHRISTOPHER VERWYS, descried above constituted and assault upon the Plaintiff in that said Defendant intentionally attempted to injure the Plaintiff or commit a battery upon him, and further that said Defendant's acts represented a grievous affront to the Plaintiff.

27. The acts of the Defendant, POLICE OFFICER CHRISTOPHER VERWYS, constituted a battery upon the Plaintiff in that the bodily contact described above was intentional and grossly offensive in nature.

28. The actions of the Defendant, POLICE OFFICER CHRISTOPHER VERWYS, were intentional, reckless and unwarranted, and without any just cause or provocation, and said Defendant knew, or should have known that his actions were without the consent of the Plaintiff, and, in fact, that the Plaintiff expressly stated to said Defendant that these actions were being done against his wishes.

29. By reason of the foregoing, the Plaintiff became, and remains, sick, sore, lame and disabled; suffered, and still suffers great physical and mental pain; sustained severe emotional injuries resulting from the assault and battery that was inflicted upon the Plaintiff by the Defendant, POLICE OFFICER CHRISTOPHER VERWYS; has suffered, and will continue to

suffer a loss of enjoyment of life; upon information and belief, may be caused to expend substantial sums of money for medical aid; lost time from work; and believes that his emotional injuries are permanent in nature.

30. The injuries sustained by the Plaintiff were caused wholly and solely by reason of the conduct described, and the Plaintiff did not contribute thereto.

31. Liability for the conduct of POLICE OFFICER CHRISTOPHER VERWYS extends to the Defendants, COUNTY OF SUFFOLK and SUFFOLK COUNTY POLICE DEPARTMENT under the theory of responeat superior.

32. As a result of the assault and battery that was committed upon the Plaintiff by the Defendant, POLICE OFFICER CHRISTOPHER VERWYS, the Plaintiff has been damaged in the sum of FIVE MILLION DOLLARS ($5,000,000.00).

### AS AND FOR A SECOND CAUSE OF ACTION

33. Plaintiff repeats and realleges each and every paragraph set forth above as is fully set forth herein.

34. The action of the Defendant, POLICE OFFFICER CHRISTOPHER VERWYS, represents extreme and outrageous conduct which intentionally

       or recklessly caused severe emotional distress to the Plaintiff. Further, the conduct described was so outrageous and atrocious as to be utterly intolerable in a civilized community.

35. Liability for the conduct of POLICE OFFICER CHRISTOPHER VERWYS extends to the Defendants, COUNTY OF SUFFOLK and SUFFOLK COUNTY POLICE DEPARTMENT under the theory of responeat superior.

36. As a result of the Defendant, POLICE OFFICER CHRISTOPHER VERWYS' intentional infliction of emotional distress upon the Plaintiff, the Plaintiff has sustained severe emotional distress, pain and has been damaged in the sum of FIVE MILLION DOLLARS ($5,000,000.00).

### AS AND FOR A THIRD CAUSE OF ACTION

37. Plaintiff repeats and realleges each and every paragraph set for the above as is fully set forth herein.

38. The described actions of the Defendant, POLICE OFFICER CHRISTOPHER VERWYS, resulted in the negligent infliction of emotional distress upon the Plaintiff.

39. In assaulting and battering the Plaintiff, the Defendant, POLICE OFFICER CHRISTOPHER VERWYS, resulted in a traumatic event which caused the Plaintiff to fear for his own life.

40. As a police officer charged with the duty of protecting the public, the Defendant, POLICE OFFICER CHRISTOPHER VERWYS, owned a duty to the Plaintiff, even as a suspect that had peacefully surrendered, and was quietly complying with the instructions of the arresting officer, to act in accordance with this duty, and to keep a member of the public, such as the Plaintiff, free from assault and battery and otherwise grossly offensive touching.

41. The Defendant, POLICE OFFICER CHRISTOPHER VERWYS, breached the aforementioned duty by causing the Plaintiff to believe that his physical safety was in danger and caused the Plaintiff to fear for his own safety.

42. Liability for the conduct of POLICE OFFICER CHRISTOPHER VERWYS extends to the Defendants, COUNTY OF SUFFOLK and SUFFOLK COUNTY POLICE DEPARTMENT under the theory of responeat superior.

43. As a result of the Defendant, POLICE OFFICER CHRISTOPHER VERWYS', negligent infliction of emotional distress upon the Plaintiff, the Plaintiff has been injured in the sum of FIVE MILLION DOLLARS ($5,000,000.00).

## AS AND FOR A FOURTH CAUSE OF ACTION

44. Plaintiff repeats and realleges each and every paragraph set forth above as is fully set forth herein.

45. In engaging in the conduct described, by assaulting and battering the Plaintiff while his arms were restrained behind his back by handcuffs, the Defendant, POLICE OFFICER CHRISTOPHER VERWYS, deprived the Plaintiff of his civil rights pursuant to 42 U.S.C.A. Section 1983.

46. Further, said Defendant, CHRISTOPHER VERWYS, as a police officer employed by the Defendants SUFFOLK COUNTY POLICE DEPARTMENT and/or the COUNTY OF SUFFOLK, he was acting under the color of State law.

47. That the aforementioned misuse of authority and power by the Defendant, POLICE OFFICER CHRISTOPHER VERWYS, was egregious and shocking to the conscience. As a direct result, the Plaintiff was caused to undergo unspeakable humiliation and indignities due to the unlawful contact that was inflicted against his will; and, the Plaintiff was caused, and will continue to undergo and endure severe mental anguish, humiliation and economic hardship as a consequence thereof.

48. Such deprivations were in violation of the rights secure to the Plaintiff by the Fourth and Fourteenth Amendments of the United States Constitution and by Title 42 U.S.C.A. section 1983.

49. Liability for the conduct of POLICE OFFICER CHRISTOPHER VERWYS extends to the Defendants, COUNTY OF SUFFOLK and SUFFOLK COUNTY POLICE DEPARTMENT under the theory of responeat superior.

50. As a result of the Defendant, POLICE OFFICER "JOHN DOE'S" deprivation of the Plaintiff's civil rights, the Plaintiff has been injured in the sum of FIVE MILLION DOLLARS ($5,000.000.00).

**WHEREFORE,** the plaintiff demands:

1. That this Court grant final judgment against the Defendants, jointly and severally, in favor of the Plaintiff in the sum of FIVE MILLION DOLLARS ($5,000.000.00) for compensatory damages and the sum of FIVE MILLION DOLLARS ($5,000.000.00) for punitive damages;

2. That this Court grant final judgment in favor of the Plaintiff for all costs and disbursements of this action together with reasonable attorneys fees pursuant to 42 U.S.C.A. Section 1988.

Dated: Forest Hills, New York
   February 17, 2009

               PETER M. ZIRBES & ASSOC., P.C.
               Peter M. Zirbes, Esq. (PZ-4413)
               Attorneys for Plaintiff
               108-18 Queens Blvd.
               Suite 604
               Forest Hills, New York 11375
               (718) 268-8800

TO: Suffolk County Dept. of Law-County Attorney
   Attn: Brian C. Mitchell
   100 Veterans Memorial Highway
   P.O. Box 6100
   Hauppauge, NY 11788
   631-853-4055